CLEVELAND v. CLEVELAND.

1. DIVORCE—BURDEN OF PROOF—LIKE MISCONDUCT TO THAT OF WHICH COMPLAINT IS MADE.

Facts proved by defendant failed to sustain his burden of proof that wife's misconduct in her relations with other men was of such a nature as to entitle him to a divorce, especially where it appears he has been seen in the company of other women since she obtained a decree for separate maintenance.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur, Divorce and Separation, § 236.
[2] 17 Am Jur, Divorce and Separation, §§ 597 et seq., 623, 643.
[2] Earning capacity or prospective earnings of husband as basis of alimony. 6 ALR 192; 139 ALR 207.
[3] 14 Am Jur, Costs, § 92.

2. HUSBAND AND WIFE—SEPARATE MAINTENANCE—DIMINUTION OF PAYMENTS.

Weekly payments of $7.50, ordered in decree of separate maintenance to wife, are not disturbed, in absence of any showing as to amount or extent of her earnings or income, where husband has continued in the ownership of a $6,800 equity in farm he operates which produced for him a gross income of $5,400 out of which he paid an undisclosed amount for farming expenses, notwithstanding that plaintiff wife's health has improved somewhat and that she has inherited some $5,000 from the estates of her parents.

3. COSTS—BRIEF.

No costs are allowed in affirmance of appeal, where appellee filed no brief.

Appeal from Cass; Mosier (Carl D.), J. Submitted April 5, 1950. (Docket No. 7, Calendar No. 44,645.) Decided May 18, 1950.

Separate maintenance proceedings by Clemence Cleveland against Stanley Cleveland. On bill of defendant for divorce and to reduce amount of support required under decree. Bill dismissed. Defendant appeals. Affirmed.

*Jones & Theiss,* for defendant.

DETHMERS, J. In 1942, plaintiff was granted a decree of separate maintenance awarding her $7.50 per week for support. In 1948, defendant filed a bill praying for divorce and for termination or reduction of the required support money payments. From decree for plaintiff denying the prayer of defendant's bill, the latter appeals.

In support of his prayer for divorce defendant alleged and introduced proofs to show that plaintiff had on occasions been seen riding in an automobile and visiting at the homes of neighbors with a widower. Defendant also alleged that she had taken a trip to the upper peninsula with some man. This she

admitted in her answer, alleging, however, that with them on the trip were her daughter and son-in-law. Defendant admitted on trial that ever since entry of the decree of separate maintenance he had kept the same woman in his farm home as a housekeeper, that they had on occasions gone together to visit his or her relatives and neighbors and that he had taken a trip to Florida with her and her sister.

We are in agreement with the trial court's holding that the facts proved by defendant concerning the plaintiff's conduct are not of such improper or aggravated nature as to entitle him to divorce and that, by his admission, his own conduct has been of a like character. While plaintiff offered no proof in support of the allegation in her answer that her daughter and son-in-law accompanied her on the trip to the upper peninsula, defendant offered no proof to the contrary. The burden of establishing her misconduct in this regard, if any, rested upon and was not supported by defendant.

Accepting defendant's claim that his wife's physical condition and ability to work have improved and that his income and net worth have somewhat depreciated since entry of the decree of separate maintenance, we cannot say that had we been in the trial court's position we would have diminished or terminated the $7.50 weekly payments to plaintiff in the absence of any showing as to the amount or extent of her earnings or income, particularly in view of his continued ownership of a $6,800 equity in the farm which he operates and of stock and tools thereon, all of which combined with his efforts to produce for him in 1948 a gross income of $5,400 out of which he paid an undisclosed amount for farming expenses. The fact that plaintiff has inherited from the estates of her parents some $5,000 since the separation should not serve to relieve defendant of his obliga-

tion to contribute to the support of his wife under the decree of separate maintenance.

Decree affirmed. No costs in this Court, plaintiff having filed no brief.

BOYLES, C. J., and REID, NORTH, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.